**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GEORGIANNE JEFFERSON HARLEY,
Plaintiff-Appellant,

v.

WARREN COUNTY DEPARTMENT OF

SOCIAL SERVICES; HENRY C. HAYES;
CLARENCE COOPER; LORA P.
EDWARDS,
Defendants-Appellees.

No. 98-2445

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CA-98-641-5-BO)

Submitted: December 29, 1998

Decided: January 19, 1999

Before WILLIAMS and MOTZ, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Dismissed and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Georgianne Jefferson Harley, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Georgianne Harley, proceeding pro se as she did in the district court, appeals from the dismissal of her civil rights action without prejudice for failing to submit her right to sue notice. For the reasons set forth below, we dismiss and remand this case.

Harley received a right to sue letter from the Equal Employment Opportunity Commission on June 19, 1998, and filed her civil action pursuant to Title VII of the Civil Rights Act of 1964, on August 17, 1998. By order entered on August 21, 1998, the district court dismissed her action without prejudice for her failure to file her right to sue letter. On September 17, 1998, Harley submitted a letter "to serve as an appeal" of the district court's dismissal. Attached to Harley's filing was her right to sue letter. The district court dutifully transmitted the case to this Court, and Harley filed an informal brief contesting the dismissal without prejudice.

We find that Harley's September 17 letter with the attached right to sue notice from the EEOC should be construed as her pro se attempt to remedy her complaint filed in the district court rather than as an appeal to this Court. The wording of the letter shows that she thought her "appeal" was to the district judge. The filing nowhere mentions the court of appeals. And it was filed within the ninety-day statutory time period, following receipt of the right to sue notice, allowed for filing a Title VII action in federal court. See 42 U.S.C. § 2000e-5(f)(1) (1994). Any new filing at this point would be time-barred. We therefore remand this case to the district court for it to consider the right to sue notice as an amendment to Harley's original complaint filed August 17, 1998. See Weller v. Department of Social Servs., 901 F.2d 387, 390-91 (4th Cir. 1990). We dispense with oral

2

argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED AND REMANDED

3